**MILLER NASH LLP**
Bernard J. Kornberg, Bar No. 252006
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: (562) 435-8002
Facsimile: (562) 435-7967

Attorneys for Plaintiff CONTERRA AGRICULTURAL
CAPITAL, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTERRA AGRICULTURAL CAPITAL, LLC, an Iowa limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DLP FUNDING, LLC, a New York limited liability company,<br><br>Defendant. | Case No.  1:26-CV-00122-JLT-CDB<br><br>**JOINT STIPULATION RE REFERRING ACTION TO UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA** |

Plaintiff Conterra Agricultural Capital, LLC ("Plaintiff") and defendant DLP Funding, LLC ("Defendant") (collectively the "Parties"), through their respective counsel of record, hereby stipulate as follows:

**RECITALS**

A.      On January 8, 2026, Plaintiff filed this action in the Eastern District of California. The operative complaint generally asserts that Plaintiff provides a loan to Hronis, Inc. and certain affiliates (collectively, the "Borrowers") secured, in part, by first position liens the accounts of Borrowers.  The complaint further alleges the Defendant, with knowledge of Plaintiff's lien, purchased the accounts of Borrowers and has taken actions to prevent Conterra from recovery on its collateral (the "Disputed Accounts").  On that basis, Conterra alleges causes of action for (1)

Conversion and (2) Interference with Contract.

B.    On March 31, 2026, Defendant filed in this action a Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rules 12(B)(1), 12(B)(2), 12(B)(3), And Forum Non Coveniens (the "Motion to Dismiss").  [Dkt. #8].  This motion generally asserts that this Court lacks jurisdiction to hear this action. Opposition to this motion is due on March 28, 2026.

C.    On March 6, 2026, Borrowers filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, commencing a bankruptcy case in the United States Bankruptcy Court, Eastern District of California.  The matters are administratively consolidated in the lead case of *In re Hronis, Inc,* Case No. 1:26-bk-10978 (the "Bankruptcy Case").

D.    On April 21, 2026, Defendant filed an adversary complaint in the Bankruptcy Case to Determine Interest in Property of Pre-Petition Accounts and Related Relief ("Adversary Proceeding").  This complaint, which names certain of the Borrowers as defendants, seeks a determination as to whether the Disputed Accounts constitute property of the estate.

E.    In response to the Motion to Dismiss, Plaintiff intends to assert in part that this Court has jurisdiction over this action under 28 U.S.C. § 1334(b), which provides that district courts have jurisdiction over "proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C.§ 1334(b).  Plaintiff will assert that, at a minimum, related to jurisdiction exists because the outcome of this action could conceivably affect the Debtors' bankruptcy estate because it will determine whether the Disputed Accounts belong to Plaintiff, which will reduce the amount of Conterra's claim in the bankruptcy case.

F.    Plaintiff thus asserts this action is therefore "related" to the Bankruptcy Case within the definition of 28 U.S.C. § 1334(b). *See In re Fietz* 852 F.2d 455, 457 (9th Cir. 1988) (a proceeding is "related to" a case under Title 11 if the outcome could conceivably have any effect on the bankruptcy estate). *See also In re Sasson,* 424 F.3d 864, 868 (9th Cir. 2005) (A bankruptcy court's "related to" jurisdiction is very broad, "including nearly every matter directly or indirectly related to the bankruptcy").  As stated by the Ninth Circuit, "Bankruptcy jurisdiction exists where, as here, the litigation may alter potential obligations arising out of

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

- 2 -

JOINT STIPULATION

claims pending against the estate." *Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306 (9th Cir. 1989)

G.   Federal Law allows this Court to refer cases which are "arising under title 11 or arising in or related to cases under title 11" to be heard by Bankruptcy Courts of this division. 28 U.S.C. § 157(a).

H.   This Court has implemented section 157 through General Order No. 161, which provides that "all cases under Title II, United States Code, and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this district."

I.   Defendant does not contest that the Bankruptcy Court has jurisdiction over this matter.

J.   Because § 1334(b) bankruptcy-related jurisdiction exists, Plaintiff and Defendant jointly request this Court refer this case to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and General Order No. 161.

## STIPULATION

The Parties hereby jointly agree and stipulate that:

1.   This action be referred to the United States Bankruptcy Court, Eastern District of California pursuant to 28 U.S.C. § 157(a) and General Order No. 161; and

2.   The Motion to Dismiss is denied as moot due to the referral of this action to the Bankruptcy Court.

*** SIGNATURES ON NEXT PAGE ***

Dated: April 27, 2026                        MILLER NASH LLP


By:   */s/ Bernie J. Kornberg*
        Bernie J. Kornberg
        Attorneys for Plaintiff Conterra Agricultural
        Capital, LLC


Dated:  April 27, 2026                       LAW OFFICE OF ARYEH KAUFMAN


By:   */s/ Aryeh Kaufman*
        Aryeh Kaufman
        Attorneys for Defendant DLP Funding, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I served the foregoing document listed below on the date set forth below by the method(s) indicated:

**JOINT STIPULATION RE REFERRING ACTION TO UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA**

by the following indicated method or methods on the date set forth below:

☒      CM/ECF system transmission.

☐      Email.

☐      First-class mail, postage prepaid.

☐      Hand delivery.

Dated: April 27, 2026

*/s/ Bernie Kornberg*
Bernie Kornberg

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

CERTIFICATE OF SERVICE