UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTERRA AGRICULTURAL CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DLP FUNDING, LLC,<br><br>Defendant. | Case No. 1:26-cv-00122-CDB<br><br>ORDER ON STIPULATION REFERRING ACTION TO UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TERMINATING AS MOOT DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 17)<br><br>ORDER STAYING ACTION PENDING RESOLUTION OF BANKRUPTCY PROCEEDINGS<br><br>**120-DAY DEADLINE**<br><br>ORDER VACATING MAY 7, 2026, SCHEDULING CONFERENCE<br><br>(Docs. 3, 6) |

Plaintiff Conterra Agricultural Capital, LLC ("Plaintiff") initiated this action with the filing of a complaint against Defendant DLP Funding, LLC ("Defendant") on January 8, 2026. (Doc. 1). On March 31, 2026, Defendant filed a motion to dismiss the complaint. (Doc. 8). That motion is not yet fully briefed by the parties and remains pending. *See* (Doc. 16).

Pending before the Court is the parties' stipulated request to "refer" the action to the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court") and

to terminate as moot Defendant's motion to dismiss, filed on April 27, 2026.  (Doc. 17).  In their stipulation, the parties represent that the complaint generally asserts that Plaintiff provides a loan to Hronis, Inc. and certain affiliates (collectively, the "Borrowers") secured, in part, by first position liens against the Borrowers' accounts, and that Defendant, with knowledge of Plaintiff's lien, purchased the Borrowers' accounts and has taken actions to prevent Plaintiff from recovery on its collateral (the "Disputed Accounts").  *Id.* ¶ A.  The parties represent that on March 6, 2026, the Borrowers filed voluntary Chapter 11 bankruptcy petitions that were consolidated by the Bankruptcy Court in the lead case of *In re Hronis, Inc.*, Case No. 1:26-bk-10978 (the "Bankruptcy Case").  *Id.* ¶ C.  According to the parties, on April 21, 2026, Defendant filed an adversary complaint in the Bankruptcy Case to determine interest in property of pre-petition accounts and related relief (the "Adversary Proceeding"), which names certain of the Borrowers as defendants and seeks a determination as to whether the Disputed Accounts constitute property of the estate.  *Id.* ¶ D.

Plaintiff asserts that this action is "related" to the Bankruptcy Case within the definition of 28 U.S.C. § 1334(b) because "the outcome of this action could conceivably affect the Debtors' bankruptcy estate [as] it will determine whether the Disputed Accounts belong to Plaintiff, which will reduce the amount of [Plaintiff's] claim in the bankruptcy case."  *Id.* ¶ E, F (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *In re Sasson*, 424 F.3d 864, 868 (9th Cir. 2005); *Kaonohi Ohana Ltd. v. Sutherland*, 873 F.2d 1302, 1306 (9th Cir. 1989)).  The parties note that federal law allows the Court to refer cases which are "arising under title 11 or arising in or related to cases under title 11" to be heard by the Bankruptcy Court of this division, and that this Court has implemented section 157 through General Order No. 161, which provides that "all cases under Title II, United States Code, and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this district."  *Id.* ¶¶ G (citing 28 U.S.C. § 157(a)), H.  Defendant does not contest that the Bankruptcy Court has jurisdiction over this matter.  *Id.* ¶ I.  The parties therefore request the Court refer this case to the Bankruptcy Court pursuant to § 157(a) and General Order No. 161 because § 1334(b) bankruptcy-related jurisdiction exists.  *Id.* ¶ J.

Under § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This Court's General Order No. 161 similarly provides that "[p]ursuant to 28 U.S.C. § 157(a), all cases under Title II, United States Code, and all proceedings arising under Title II or arising in or related to a case under Title II are referred to the bankruptcy judges of this district." *See* General Order No. 161.

First, this case is at least "related to" the Borrower's bankruptcy proceedings as demonstrated by the parties' stipulated representations that "the outcome of this action could conceivably affect the Debtors' bankruptcy estate [as] it will determine whether the Disputed Accounts belong to Plaintiff, which will reduce the amount of [Plaintiff's] claim in the bankruptcy case." *See* (Doc. 17 ¶ E, F); *Knapp v. Cardinale*, No. C–12–05076–RMW, 2014 WL 4949522, at *1 (N.D. Cal. Oct. 2, 2014) (citing *McGuire v. United States*, 550 F.3d 903, 911-12 (9th Cir. 2008) ("A civil proceeding is 'related to' a title 11 case if 'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'"); *In re Fietz*, 852 F.2d at 457); *Baek v. Halvorson*, No. SACV 18-7046 JVS (RAOx), 2019 WL 13039652, at *4 (C.D. Cal. Mar. 26, 2019) ("'Related to' jurisdiction includes 'nearly every matter directly or indirectly related to the bankruptcy.'") (citing *In re Sasson*, 424 F.3d at 868). Therefore, this case may be referred under § 157(a).

Second, because the parties stipulate to referral of this action to Bankruptcy Court and seek the Court terminate as moot Defendant's pending motion to dismiss based on the requested referral (Doc. 17 at 3), the Court finds that referral of this case to the Bankruptcy Court is supported by "the efficient use of judicial resources." *See In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (citation omitted); *Knapp*, 2014 WL 4949522 at *1-2.

Because the Bankruptcy Court has at least "related to" jurisdiction over this action, referral would promote efficiency, and based on the parties' stipulated representations, the Court will grant the parties' stipulated request, refer this action to the Bankruptcy Court, and terminate as moot Defendant's motion to dismiss due to the referral of the action to Bankruptcy Court. *See Baek*, 2019 WL 13039652 at *5 (granting motion to refer matter to bankruptcy court); *Knapp*,

2014 WL 4949522 at *3 (same).

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Courts have the power to consider stays *sua sponte.*" *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *see Ward v. Batra*, No. 1:21-cv-00929-SKO (PC), 2025 WL 3120243, at *1 (E.D. Cal. Nov. 5, 2025) (same). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

In light of the referral, and considering the relevant *CMAX* factors above, the Court finds it appropriate to stay this action pending resolution of the bankruptcy proceedings. Accordingly, the Court will direct the parties to file periodic joint status reports advising the Court of the status and completion of the bankruptcy proceedings and how the parties intend to proceed with the instant action. *See Krivolavek v. BeavEx Inc.*, No. 1:18-cv-01416-NONE-SKO, 2021 WL 5855259, at *5 (E.D. Cal. Nov. 16, 2021).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to refer this action to the United States Bankruptcy Court for the Eastern District of California pursuant to 28 U.S.C. § 157(a) and General Order No. 161 (Doc. 17) is GRANTED;

2. In light of the referral, the Clerk of the Court is DIRECTED to terminate as moot Defendant's motion to dismiss (Doc. 8);

4

3.  This action is STAYED pending resolution of the bankruptcy proceedings or until further order of this Court;

4.  **Within 120 days** of the entry of this order, and every 120 days thereafter, the parties SHALL FILE a joint status report advising the Court of the status of the bankruptcy proceedings;

5.  **Within 14 days** of the resolution of the bankruptcy proceedings, the parties SHALL FILE a joint status report advising the Court how the parties intend to proceed with the instant action; and

6.  The scheduling conference set for May 7, 2026 (Docs. 3, 6) and related filing deadlines are VACATED, to be reset as necessary following any order of the Court lifting the stay.

IT IS SO ORDERED.

Dated:    **April 30, 2026**            _____

UNITED STATES MAGISTRATE JUDGE